UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANA AKKAWI, et al.,<br><br>　　　　　　　　　　　　Plaintiffs<br><br>v.<br><br>KASRA SADR, et al.,<br><br>　　　　　　　　　　　　Defendants. | Case No.: 23CV2168-W(BLM)<br><br>**ORDER ON MOTION FOR ORDERS COMPELLING NARISSA NELSON TO COMPLY WITH SUBPOENA PURSUANT TO FRCP 45; TO HOLD NARISSA NELSON IN CONTEMPT; AND FOR AN AWARD OF ATTORNEYS' FEES AND COSTS IN THE AMOUNT OF $4,650.00**<br><br>**[ECF NO. 1]** |

Currently before the Court is Plaintiffs' November 27, 2023 Motion For Orders Compelling Narissa Nelson to Comply with Subpoena Pursuant to FRCP 45; To Hold Narissa Nelson in Contempt; And For An Award of Attorneys' Fees And Costs in The Amount of $4,650.00 [ECF No. 1. ("Mot.")], Defendants December 29, 2023 opposition to the motion [ECF No. 3 ("Oppo.")], and Plaintiffs' January 5, 2024 reply [ECF No. 4 ("Reply")]. For the reasons set forth below, Plaintiffs' motion is **GRANTED IN PART**.

## FACTUAL BACKGROUND

The instant motion arises out of a dispute being litigated in the Eastern District of California. Mot. at 3. In the underlying litigation, Plaintiffs allege that Defendant Sadr operates a law firm "based on soliciting clients who have recently purchased a car." Id. Plaintiffs contend

that Defendant Sadr obtains records from the Department of Motor Vehicles ("DMV") via document requests in unrelated cases or by purchasing lists of information of people who have registered a vehicle from a source in the Philippines. Id. The complaint in the underlying action accuses Defendants of violating Plaintffs' rights under the Driver's Privacy Protection Act and California's Driver's Privacy Protection Act. Id. at 4. Plaintiffs seek discovery regarding Defendants' purchase of consumer information and the profits received by Defendants from their use of consumer information. Id. Plaintiffs allege that they have made numerous attempts to obtain this discovery but have been unable to do so due to Defendants' unwillingness to cooperate. Id. Plaintiffs have been left with no choice but to seek the discovery from third parties such as Ms. Nelson, Defendant Car Law Firm's former office manager who sent and received Attorney Information Requests on behalf of Defendants. Id. at 4-5.

## **RELEVANT DISCOVERY BACKGROUND**

On August 22, 2022, Plaintiffs issued a Subpoena to Testify at a Deposition in a Civil Action with a Request for Production of Documents to Ms. Nelson. Mot. at 6; see also Declaration of James S. Sifers ("Sifers Decl.") at ¶ 3.

On September 30, 2022, Ms. Nelson was served with the subpoena at her home address. Id.

On October 20, 2022, Ms. Nelson filed a Motion to Quash the subpoena that was granted by a judge in the Eastern District of California on December 15, 2022. Id. at 6; Sifers Decl. at ¶ 4.

On January 6, 2023, Plaintiffs issued a Second Subpoena to Testify at a Deposition in a Civil Action with a Request for Production of Documents to Ms. Nelson. Id. at 6; Sifers Decl. at ¶ 6. Ms. Nelson allegedly evaded service and Plaintiffs filed a Motion for Alternative Service. Id.

On August 11, 2023, a judge in the Eastern District of California issued an order granting Plaintiffs' Motion for Alternative Service and permitting Plaintiffs to serve Ms. Nelson at her place of residence and office of employment. Id. at 7; Sifers Decl. at ¶ 7.

On August 16, 2023, Plaintiffs issued a Third Subpoena to Testify at a Deposition in a Civil Action with a Request for Production of Documents to Ms. Nelson and served it by certified

mail to Ms. Nelson's residence and office of employment. Id.; Sifers Decl. at ¶ 8.

On August 22, 2023, Defendant Sadr informed Plaintiffs' counsel that Ms. Nelson was no longer employed by the Car Law Firm and had moved out of state. Id. Defendant Sadr would not disclose Ms. Nelson's contact information. Id. at 8; Sifers Decl. at ¶ 9.

On October 10, 2023, Ms. Nelson failed to appear for her noticed deposition pursuant to the Third Subpoena. Id. at 8; Sifers Decl. at ¶ 10.

On October 20, 2023, Plaintiffs' counsel sent a meet and confer letter to Ms. Nelson but did not receive a response. Id. at 8-9; Sifers Decl. at ¶ 11.

## **PLAINTIFFS' POSITION**

Plaintiffs seek an order compelling third-party Narissa Nelson to comply with the Third Subpoena to testify at a deposition in a civil action issued in the underlying action[1]. Mot. Plaintiffs also seek an order holding Ms. Nelson in contempt for her failure to comply with the Third Subpoena and for an order for $4,650.00 in attorneys' fees and costs incurred in seeking the orders against Ms. Nelson. Id. at 13. Plaintiffs argue that the Third Subpoena sought discoverable information pursuant to Fed. R. Civ. P. 26 that cannot be obtained from Defendants and that Ms. Nelson is likely privy to the information being sought. Id. at 9-10. Plaintiffs also argue that the Third Subpoena complied with Fed. R. Civ. P. 45 and that Ms. Nelson has not responded in good faith to Plaintiffs' attempts to meet and confer. Id. at 11. Plaintiffs argue that enforcement of the Third Subpoena should be transferred to the Eastern District of California which is "in a better position to evaluate the contents of the Third Subpoena" and that this Court should impose monetary sanctions on Ms. Nelson for her failure to meet and confer in good faith and to comply with the Third Subpoena. Id. at 12-13.

## **DEFENDANTS' POSITION**

Defendants contend that Ms. Nelson was never properly served because Ms. Nelson no longer resided in San Diego when Plaintiffs attempted to serve her and she no longer worked at

---

[1] Diana Akkawi, et al., v. Kasra Sadr, et al., Case No. 2:20-cv-1034-MCE-AC.

her job. Oppo. at 3. Defendants contend that they informed Plaintiffs that Ms. Nelson had moved and left her job, but Plaintiffs still filed the instant motion knowing this is not the proper Court as Plaintiff no longer lives in this district and the Third Subpoena seeks her appearance more than one hundred miles away.[2] Id. Defendants note that Ms. Nelson was not properly served with the instant motion. Id. at 4. Finally, Defendants contend that if this Court moves "forward with any Sanction proceedings against [Ms. Nelson], it should require **personal service** of notice" and should dismiss the action for lack of jurisdiction if it is found to be true that Ms. Nelson no longer resides in the Southern District. Id. at 7 (emphasis in original).

## PLAINTIFFS' REPLY

Plaintiffs reply that given Defendants' contention that they do not know where Ms. Nelson is and that Ms. Nelson is a third party outside of their control, Defendants have no standing to oppose the instant motion and should be ignored. Reply at 5. Plaintiffs further reply that there is no evidence that Ms. Nelson has moved away from the Southern District and that if Defendants do not know where she is located, they cannot know that she is no longer in California. Id. at 6. Finally, Plaintiffs reply that they properly served Ms. Nelson at her last known address. Id. at 7-8.

## LEGAL STANDARD

Under Fed. R. Civ. P. 45(f), "[W]hen the court where compliance is required did not issue the subpoena, it may transfer a motion [] to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." The Advisory Committee note to Rule 45(f) instructs that:

> The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions. In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when the court has already ruled on

---

[2] Defendants state that they are unaware of Ms. Nelson's current place of residence. Oppo. at 4.

issues presented by the motion, or the same issues are likely to rise in discovery in many districts. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.

Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendment. "When a party opposes transfer of a motion related to the subpoena, the court may only transfer the motion 'upon a finding of exceptional circumstances.'" 3B Medical, Inc. v. Resmed Corp., 2016 WL 6818953, at *2 (S.D. Cal., Oct. 11, 2016) (quoting Moon Mountain Farms, LLC v. Rural Cmty. Ins. Co., 301 F.R.D. 426, 428 (N.D. Cal. 2014)). The party seeking transfer bears the burden of demonstrating that exceptional circumstances exist. Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendment. "In deciding whether to transfer under Rule 45(f), a court may consider the following factors related to the underlying litigation: complexity, procedural posture, duration of pendency, and nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation." Buffalo Seafood House LLC v. Republic Services Inc., 2024 WL 126038, at *1 (D. Ariz., Jan. 11, 2024).

## **ANALYSIS**

Because Ms. Nelson has not been served with the Order Setting Briefing Schedule [ECF No. 2], she has not responded to Plaintiffs' motion or consented to the transfer of this matter. See Docket[3]. However, the Court finds that exceptional circumstances exist that warrant the transfer of enforcement of the subpoena at issue to the United States District Court for the Eastern District of California ("EDCA").

First, the underlying action has been pending in the EDCA since May 20, 2020 and that court already has ruled on a variety of motions, including discovery disputes and disputes regarding the service of documents on Ms. Nelson. Mot. at 6; see also ECF No. 1-6 at 3, 5 ("Memorandum and Order). Accordingly, the EDCA is more familiar with the status of this case and with the

---

[3] This Court ordered Plaintiffs to serve the Order Setting Briefing Schedule on Ms. Nelson and Defendants by December 6, 2023. ECF No. 2 at n1.

discovery battles and motions that have been litigated during the past three and a half years, and transferring the matter would aid in preventing the disruption of the EDCA's management of the underlying litigation. This decision is further supported by the fact that discovery in the underlying case has closed[4] and a discovery ruling in this matter could disrupt the issuing court's management.  See In re Alliance Healthcare Partners, LLC, 2022 WL 16527952, at *4 (D. Ariz., Oct. 28, 2022) (concluding that "ruling on the motion to compel could disrupt the issuing court's case management" where the deadline for fact discovery was less than a month away) (citing Mirza v. Yelp, Inc., 2021 WL 2939922, *3 (N.D. Cal. 2021); 3B Med., Inc. v. Resmed Corp., 2016 WL 6818953, *3 (S.D. Cal. 2016) (the fact that discovery was set to close in less than a month supported transfer); In re Subpoena to Kia Motors Am., Inc., 2014 WL 2118897, *1 (C.D. Cal. 2014) (concerns about the discovery deadline supported transfer to "the court with control over the discovery cut-off deadline")).

Second, transferring this matter to the EDCA will serve to avoid inconsistency in positions and rulings and will aid in judicial economy, especially given that the EDCA has already dealt

---

[4] On January 12, 2024, Defendants filed a Request for Judicial Notice.  ECF No. 5.  Defendants ask the Court to take judicial notice of the Supplemental Pretrial Scheduling Order in the underlying action and the fact that Discovery in the underlying action is closed.  Id. at 1; see also ECF No. 204 in Diana Akkawi, et al. v. Kasra Sadr, et al., Case No. 2:20-cv-01034-MCE(AC). In light of the Supplemental Pretrial Scheduling Order, Defendants ask the Court to dismiss the instant motion as time barred. Federal Rule of Evidence 201 provides that a court may take judicial notice of facts "not subject to a reasonable dispute" if they are either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.  Fed. R. Evid. 201(b).  The Court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).  In applying this rule, courts "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" Bias v. Moynihan, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002)).  Because the order at issue is a court record, the Court **GRANTS** Defendants' unopposed request to take judicial notice of the document at ECF No. 5-1.  The Court, however, **DENIES** Defendants' request to deny the instant motion as time barred.

with issues pertaining to deposing Ms. Nelson.  Additionally, transfer will not burden Defendants who are not the subject of the subpoena, who do not claim any burden from transfer, and who do not address the issue in their opposition.  While the Court must consider whether the interests in favor of transfer "outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion[,]"  Ms. Nelson has not responded to this motion and if she has moved out of state as Defendants allege, the Court has no reason to believe that the EDCA would be more burdensome to Ms. Nelson for litigation purposes than the Southern District of California.  Fed. R. Civ. P. 45 advisory committee's note; see also Axon Enterprise Incorporated v. Venjuris PC, 2022 WL 16527519, at *4 (D. Ariz., Oct. 28, 2022) (transferring the motion to compel "[b]ecause there are significant concerns about inconsistent rulings and judicial economy, and those concerns outweigh the likely prejudice to Venjuris as a result of a transfer."); Steel Supplements, Inc. v. Blitz NV, LLC, 2022 WL 625122, at *2 (D. Nev., Mar. 2, 2022) ("Judicial economy is also favored due to the familiarity the issuing court has with the arguments raised in the instant motion.").

    Finally, Plaintiffs allege that Ms. Nelson has been actively evading service and they have had to file numerous pleadings in the EDCA, including seeking permission to serve Ms. Nelson by alternative methods.  Mot. at 5.  The EDCA partially granted Plaintiffs' motion and found that alternative service of the subpoena to Ms. Nelson's residence and office was appropriate because Plaintiffs' process server made numerous attempts to serve Ms. Nelson on multiple days at varying times and Plaintiffs were "extremely diligent in trying to effectuate personal service" after Ms. Nelson had been personally served with the original subpoena and stated in a declaration that Plaintiffs' counsel could mail letters to her address, and she would get them.  ECF No. 1-6 at 14 ("Memorandum and Order).  Pursuant to the court's order, Plaintiffs served notice of the subpoena at issue in this case by the alternative means authorized by the court.  Plaintiffs are now seeking to enforce the subpoena and the method of service.  Defendants argue that service was improper and did not comply with the order issued by the EDCA.  The EDCA is better positioned to resolve the merits of Plaintiffs' motion to compel and whether Plaintiffs complied with the order when they served Ms. Nelson.  See Moon

23CV2168-W(BLM)

Mountain Farms, LLC, 301 F.R.D. at 429 ("When the issuing court has already ruled on issues presented by a subpoena-related motion, exceptional circumstances exist and the court of compliance may transfer the motion to the issuing court.").

## CONCLUSION

This Court finds that extraordinary circumstances exist to transfer the pending Motion to Compel to the docket in Diana Akkawi, et al. v. Kasra Sadr, et al., Case No. 2:20-cv-01034-MCE(AC) in the Eastern District of California under Rule 45(f).  Accordingly, the Court declines to rule on Plaintiffs' request for a contempt order and attorney's fees and costs of $4650.00. The Clerk is **ORDERED** to effectuate the transfer and close this case.

**IT IS SO ORDERED**.

Dated:  1/30/2024

Hon. Barbara L. Major
United States Magistrate Judge